### COMMONWEALTH *vs.* GEORGE W. PEMBERTON.

Suffolk.    June 25, 1875.    COLT & DEVENS, JJ., absent.

The provision of the Gen. Sts. *c.* 160, § 1, that "murder committed in the commis-sion of, or attempt to commit, any crime punishable with death or imprisonment for life is murder in the first degree," includes all offences that may be so pun-ished.

On the trial of an indictment for murder, there was evidence that the defendant killed the person mentioned in the indictment, and at the same time, by force and violence, but not being armed with a dangerous weapon, took from said person some articles of personal property.  The defendant requested the court to instruct the jury that malice aforethought must be proved; that, if the circumstances were such as to remove the first impression that there was malice aforethought, then it would be murder in the second degree; that the jury would have the right to consider the whole act to see whether there was malice aforethought, and if the circumstances showed a desire to avoid killing, it would be murder in the second degree.  The jury were instructed that in order to find the defendant guilty of murder in the first degree it must be proved, not only that the murder was committed, but that it was malicious; and that if the murder was committed in the commission of a robbery, or in an attempt to rob, any further proof of previous premeditation was unneces-sary.  *Held;* that the defendant had no ground of exception.

INDICTMENT for the murder of Margaret E. Bingham.  Trial before *Gray*, C. J., and *Devens*, J., who reported the case in sub-stance as follows:

The evidence tended to show that the defendant killed the de-ceased, and at the same time by force and violence, but not being armed with a dangerous weapon, robbed, stole and took three gold rings from her fingers.

The defendant's counsel contended that as such robbery might, under the Gen. Sts. *c.* 160, § 24, be punished by imprisonment

either for life or for any term of years, it was not a " crime pun-
ishable with imprisonment for life " within the meaning of the
Gen. Sts. *c.* 160, § 1; and that if the homicide was committed in
the commission of or attempt to commit such a robbery, it was
not murder in the first degree, unless the homicide was committed
with deliberately premeditated malice aforethought, or with ex-
treme atrocity and cruelty. The government did not contend
that the murder was committed with extreme atrocity and cruelty.
The court refused to rule as contended for the defendant; but
ruled and instructed the jury that if the homicide was committed
by the defendant, with malice, in the commission of, or attempt
to commit, the crime defined in the Gen. Sts. *c.* 160, § 24, he
might be found guilty of murder in the first degree, without
proof that the malice was deliberately premeditated malice afore-
thought, or other proof of malice beyond what was necessary to
constitute murder as distinguished from manslaughter. The mal-
ice necessary to distinguish murder from manslaughter was de-
fined to the jury in terms to which no exception was taken. To
the refusal to rule as contended for, the defendant excepted.

The defendant's counsel further contended, and requested the
court to rule, that, in order to constitute murder, either in the
first or second degree, malice must be proved; that except in the
case of murder with deliberately premeditated malice afore-
thought, malice might be presumed ; but that this presumption
might be rebutted, controlled or explained by the circumstances
of the killing and all the facts which attended it, thereby reduc-
ing the crime charged to murder in the second degree, or man-
slaughter. And it was so ruled.

In the charge to the jury, they were instructed that the burden
of proof was on the government to prove every material fact be-
yond a reasonable doubt ; that under this indictment they might
convict the defendant either of manslaughter or of murder ; that
manslaughter was a homicide committed without any legal ex-
cuse; that there need not be proof of malice to constitute man-
slaughter, but there must be proof of malice in order to constitute
murder ; that if they were not satisfied that the killing was ma-
licious, if they were satisfied that it was done by the defendant,
he could be convicted only of manslaughter ; but if they were
satisfied beyond a reasonable doubt that it was malicious, that

is to say, wilfully done for the purpose of carrying out the defendant's own ends, regardless of the rights of others, it would be their duty to convict him of murder.

In relation to the degrees of murder, the jury were instructed that if the government proved murder, but did not prove beyond a reasonable doubt that it was murder in the first degree, it was murder in the second degree. The jury were fully instructed upon what was necessary to constitute "murder with deliberately premeditated malice aforethought," in terms to which no objection was made ; and were further instructed as follows: "If you are satisfied beyond a reasonable doubt that the defendant killed her in committing or attempting to commit the crime of robbery, by taking these rings from her person, if you believe that he did it wilfully, recklessly, without regard to the rights of the deceased, you need not trouble yourselves about malice in the case, because no further malice is necessary to be proved if in fact he was engaged in the commission of or attempt to commit one of this class of crimes, because the statute says, if he was so doing, the murder was murder in the first degree, without proof of wilful, premeditated malice aforethought. Therefore if you find that he committed this act with deliberately premeditated malice aforethought, or without regard to that, if you find that he committed it in the commission of the crime of robbing Mrs. Bingham, then alive, of her rings, that would be murder in the first degree."

The jury were then instructed on the effect of insanity and of drunkenness upon the responsibility of the defendant, in terms to which no exception was taken, and, among others, as follows : " Upon the question of ' deliberately premeditated malice aforethought,' you may take into consideration the question if the man was drunk at the time of this homicide ; was he so far drunk, so far overcome by liquor, at that time, as to be incapable of wilful and deliberate premeditation ; if he was, you cannot find him guilty of murder in the first degree. But on the other branch of the statute, ' murder committed in the commission of or attempt to commit any crime punishable with death or imprisonment for life,' where no wilful premeditated malice is necessary to be proved, but only the ordinary, simplest kind of malice, that is, a wilful intention to carry out his own purpose in reckless disregard of the rights of others, there drunkenness can be no excuse for him."

The presiding judge concluded the charge as follows: "If you are satisfied beyond a reasonable doubt that the defendant was guilty of murder in the first degree, either by reason of his having acted with deliberately premeditated malice aforethought, or, without regard to such previous deliberation, that he committed the act in the commission of or attempt to commit a robbery from Mrs. Bingham, it will be your duty to find a verdict of murder in the first degree. If you are not satisfied of either of these facts, either of the deliberately premeditated malice, or of the homicide having been committed in the course of a robbery, but yet are satisfied that he committed it with a wilful purpose, and with a disregard of the rights of others, and, so doing, killed Mrs. Bingham, it will be your duty to return a verdict of murder in the second degree. If you are satisfied that he killed Mrs. Bingham without justifiable cause, but do not find malice in any sense, you may find him guilty of manslaughter. And if you do not find that he killed Mrs. Bingham, being an accountable agent and responsible for his acts, it will be your duty to acquit him."

The counsel for the defendant then stated that he did not fully understand that portion of the charge relating to the question of malice in case the murder was committed in an attempt to rob; that his contention was, that malice aforethought must be proved; but if the circumstances were such as to remove the first impression that there was malice aforethought, that then it would be murder in the second degree; that the jury would have a right to consider the whole act to see whether there was malice aforethought, and if the circumstances showed a desire to avoid killing the woman, it would be murder in the second degree."

The presiding judge then further instructed the jury as follows: "The point taken by the defendant's counsel in his opening was, that malice must be proved; but except under the first ground in the definition of murder in the first degree — that is to say, a case of wilful premeditation, which is not the case now referred to — malice may be presumed, unless by the circumstances of the murder, the facts attending it, malice is disproved. We understand that to be the law. We take it exactly as stated by the counsel, and qualified by the admission of counsel. It is necessary, in order to find the defendant guilty of murder in the first degree, to prove, not only that the murder was committed,

but that it was malicious; that is, in the first sense, as I have stated to you, with the wilful purpose of carrying out the defendant's own wishes, regardless of the rights of others. But we do not understand that if the government satisfies you that the murder was committed in the commission of a robbery, or in an attempt to rob, any further proof of previous premeditation or of wilful intent to kill is necessary. It is only necessary that there should be such proof of malice as shall show that the defendant intended to carry out his own purposes regardless of the rights of others. As for proof of wilful, deliberate premeditation, it is not necessary. In other words, if the defendant, in undertaking to rob, or commit any other crime punishable with imprisonment for life, does commit murder, then, if you find it to have been malicious, that is, for his own purposes, regardless of the rights of others, that furnishes all the elements that make murder in the first degree, under that second clause in the statute, and it is your duty so to find."

The defendant's counsel excepted to the instructions of the court upon the question of the malice necessary to be proved to constitute murder in the first degree by reason of having been committed in the commission of or attempt to commit a crime punishable with imprisonment for life.

The jury returned a verdict of guilty of murder in the first degree. If either of the exceptions above stated was well taken, a new trial was to be had; otherwise, the defendant was to be sentenced according to the verdict.

*H. G. Parker & T. Carleton*, for the defendant. 1. The robbery, which the evidence tended to prove, was a robbery from the person, not being armed with a dangerous weapon. The punishment of such a robbery is imprisonment for life, or for any term of years. Gen. Sts. *c.* 160, § 24. Such a robbery is not "a crime punishable with imprisonment for life," within the meaning of the Gen. Sts. *c.* 160, § 1. Penal statutes must be construed strictly, and if capable of two constructions, that construction which operates in favor of life or liberty is to be adopted. *Melody* v. *Reab*, 4 Mass. 471. *Cleaveland* v. *Norton*, 6 Cush. 380. *Commonwealth* v. *Martin*, 17 Mass. 359. *Commonwealth* v. *Keniston*, 5 Pick. 420. *Monson* v. *Chester*, 22 Pick. 385. *Robbins* v. *State*, 8 Ohio St. 131, 194. The statute, in its terms, admits of

a different construction from that given by the court, and that construction a reasonable one. It should not be construed against the prisoner any further than its terms necessarily compel. It should be construed strictly in his favor. The terms of the section are, "the commission or attempt to commit any crime punishable with death or imprisonment for life." It does not say "which may be so punished," and thus relieve us from doubt as to whether it intends a crime which may be so punished, although a different penalty may be inflicted, or a crime which must be so punished. The construction should be in favor of life.

The Gen. Sts. *c.* 160, § 24, are the same as the Rev. Sts. *c.* 125, § 15, and as the St. of 1804, *c.* 143, § 7. The punishment, however, prescribed by the St. of 1804, was absolutely imprisonment for life. The commissioners to revise the general laws reported this § 7 as § 11 of *c.* 125 of their report, and with the original penalty of imprisonment for life. The committee on the Revised Statutes amended the section by adding at the end, "or any term of years." Journals of Committees, 345. This amendment the Legislature adopted. So the statute has remained. It is clear, then, that the Legislature of 1836 intended the crime of robbery from the person, not being armed with a dangerous weapon, should be held to be no longer such a crime as it had hitherto been, and a far less heinous crime, and subject to a much lighter penalty, than robbery from the person being armed with a dangerous weapon, the punishment of which was, by § 13 of the same chapter, death, and so remained until the enactment of the St. of 1839, *c.* 127. Again, the Legislature of 1860 must have had the same intention, when in the same chapter they imposed upon the latter crime the penalty of absolute imprisonment for life, and upon the former that of imprisonment for life or a term of years. Gen. Sts. *c.* 160, §§ 22, 24. The ruling of the court, however, in construing a statute relating to murder, in a question of life and death, places the two offences upon the same level. This is not a reasonable construction of the statute ; it is not a construction in favor of life. The consequence is, to find guilty of murder in the first degree, and to sentence to death, every one who, in attempting to escape from an attempt to commit the most petty theft from the person, kills another.

2. The court in summing up its charge to the jury said : "If
you are satisfied beyond a reasonable doubt that the defendant
was guilty of murder in the first degree, either by reason of his
having acted with deliberately premeditated malice aforethought,
or, without regard to such previous deliberation, that he committed
the act in the commission of or attempt to commit a robbery from
Mrs. Bingham, it will be your duty to find a verdict of murder
in the first degree." And added, " If you are not satisfied of
either of these facts, either of the deliberately premeditated mal-
ice, or of the homicide having been committed in the course of a
robbery, but yet are satisfied that he committed it with a wilful
purpose, and with a disregard of the rights of others, and, so do-
ing, killed Mrs. Bingham, it will be your duty to return a verdict
of murder in the second degree," thus repeating the instruction.
This was in the concluding paragraph of the charge, or, as it were,
the conclusion of the whole matter. So stated, a proposition by
itself, it was calculated to mislead the jury, to say the least, no
matter what was said before or afterwards. The inquiry of the
counsel, made after the charge, did not relate to that part of the
charge, but entirely to removing malice which might be pre-
sumed.

The request of counsel for a ruling that the jury would have
a right to consider the whole act, as to whether there was malice
aforethought, and if the circumstances showed a desire to avoid
killing, it would be murder in the second degree, should have
been given.

*C. R. Train*, Attorney General, & *W. G. Colburn*, Assistant
Attorney General, for the Commonwealth.

AMES, J. 1. By our law, murder " committed in the commis-
sion of, or attempt to commit, any crime punishable with death or
imprisonment for life, is murder in the first degree." Gen. Sts. *c.*
160, § 1. The crime defined in § 24 of the same chapter, and of
which the evidence tended to show that the defendant was guilty
at the time of the homicide, is punishable with imprisonment for
life or any term of years. The expression " punishable with im-
prisonment for life " is broad enough to include every crime for
which on conviction the guilty party is liable to such imprison-
ment. It cannot receive a narrower construction without doing
violence to its terms. " Punishable" means liable to punishment.

The statute was intended to describe a class of crimes by their general character, and not by their special or possible circumstances. In like manner the statute provision, (Gen. Sts. c. 168, § 1,) that any crime punishable by death or imprisonment in the state prison is a felony, describes a class of crimes identified by the punishment to which they are liable. Their character as felonies is determined by that test, and does not at all depend upon the sentence which the court may pronounce. The fact that in passing sentence for the crime of robbery as defined in § 24 of the chapter first above cited, the court in its discretion, and in view of extenuating circumstances in any special case, may reduce the extreme penalty to a term of years, does not take the crime out of the general description of "a crime punishable with imprisonment for life." This point has been expressly so ruled by the Supreme Court of Maine. *State* v. *Smith*, 32 Maine, 369. The ruling requested by the defendant's counsel on this point was therefore properly refused.

2. With regard to the instructions in relation to malice, the defendant has no ground for complaint. The definition of murder is not changed by any of our statute provisions as to the different degrees of the crime. Malice aforethought is one of its characteristic elements, and must be affirmatively proved. There are certain cases in which it is implied from the circumstances of the homicide ; and at common law, where the homicide happens " in the execution of a deliberate purpose to commit any felony," it is murder, as, " where one sets upon a man to rob him, and kills him in making resistance." 1 Hawk. c. 31, § 44. In such a case the presumption of malice is not rebutted even if the circumstances show a desire on the part of the assailant not to kill. " Wherever a person, in cool blood, by way of revenge, unlawfully and deliberately beats another in such a manner that he afterwards dies thereof, he is guilty of murder, however unwilling he might have been to have gone so far." 1 Hawk. c. 31, § 41.

In the charge to the jury, the crime of murder was properly defined, and the distinction between murder and manslaughter was explained in a manner to which no exception was taken. The jury were instructed that, to make it a case of the first degree, it was necessary to prove not only that the homicide was committed

but that it was malicious.   It was expressly so ruled in the first
instance upon the request of the defendant's counsel, and was re-
peated in that part of the charge which defined the distinction
between murder and manslaughter, and, although it was not so
distinctly expressed in some parts of the charge which related to
the two degrees of murder, it was clearly implied throughout the
charge, and was put beyond a doubt by the final instruction
given to the jury in answer to the suggestion of the defendant's
counsel.

If the purpose of the defendant was to commit robbery, and if
in the execution of that purpose, and in order to overcome the re-
sistance and silence the outcries of the victim, he made use of
violence that caused her death, no further proof of premeditation
or of wilful intent to kill is necessary.   Robbery committed by
force and violence, and in spite of all resistance, is of course mali-
cious, and if in the perpetration of that crime the person robbed is
killed, it is a killing with malice aforethought ; in other words, it
is murder, and, by the express terms of the statute, it is murder
in the first degree.   The jury were therefore correctly instructed
when they were told that if the defendant, in undertaking to
rob, committed murder, " for his own purposes and regardless of
the rights of others," all the elements that make murder in the
first degree under that second clause of the statute were made
out, and it would be their duty so to find.

                                   *Judgment on the verdict.*