HINKLE v. SKEEN, Warden.

Civ. A. No. 391–F.

United States District Court
N. D. West Virginia,
Fairmont Division.

Jan. 20, 1954.

W. Ralph Musgrove, Fairmont, W. Va., for petitioner.

WATKINS, District Judge.

The petitioner in this cause, a state prisoner, applied to the West Virginia Supreme Court of Appeals for the writ of habeas corpus on the identical grounds assigned by him in his petition for the same writ which is now before this court. The writ was awarded by the state tribunal, but after hearing on the matter it was discharged and the prisoner remanded to custody. State ex rel. Hinkle v. Skeen, W.Va., 75 S.E.2d 223. Certiorari to review the state court action was denied. Hinkle v. Skeen, 345 U.S. 967, 73 S.Ct. 954.

The reported state court opinion cited above dwelled primarily on issues arising from the first ground assigned by petitioner for issuance of the proposed writ. That ground raised the issue of whether a state circuit court, having acquired jurisdiction of a capital offense by virtue of an indictment charging a defendant under eighteen years of age with murder, lost jurisdiction of the offense, or any included offense, or of the person, by accepting a plea of guilty of murder of the second degree in view of a state statute giving exclusive jurisdiction to juvenile courts in those cases involving juveniles charged with non-capital offenses.

The West Virginia Supreme Court of Appeals ruled that in such an instance a circuit court would not lose

jurisdiction. I believe this determination to be correct. Furthermore, as reflected by the opinion of the high state tribunal the petitioner conceded that the state circuit court acquired jurisdiction to try him for the capital offense. Whether that court later lost jurisdiction by the issue presented is a matter of statutory construction of a state law and thus presents no constitutional question for the determination of this court. Chessman v. People, 9 Cir., 205 F.2d 128. Absent violation of fundamental principles of justice, the statutory construction by state courts of state laws is conclusive upon the federal courts as to the meaning of the state law so far as any federal question is concerned. Akins v. Texas, 325 U.S. 398, see footnote at page 399, 65 S.Ct. 1276, 89 L.Ed. 1692. Decisions of the highest state court based on issues arising under a state constitution, state statute and rules of state courts are binding on federal courts. United States ex rel. Scott v. Babb, 7 Cir., 199 F.2d 804.

■ Some four other assertions contained in prisoner's petition to the Supreme Court of Appeals of West Virginia and now presented again in this court were demurred to by the defendant in the state court and not considered following petitioner's admission at the bar of the court that the demurrer should be sustained. The petitioner, represented by counsel, thus admitted that the material allegations contained in the four mentioned assignments, taken as true, did not constitute grounds, at law, for awarding the relief sought. Inquiry was not made into the merits of the several allegations. The provisions of Title 28 U.S.C.A. § 2254, relating to the exhaustion by state prisoners of state remedies before applying to federal courts for relief makes it necessary to dismiss the remaining assignments. I might add, however, that I have examined these remaining grounds and find nothing therein which would justify the court in granting the relief asked.

■ Where a petition for habeas corpus by a poor person is meritless, the court may permit the filing of such petition and then dismiss it as frivolous, and in a patently frivolous proceeding respondent will not be called upon to make a return or answer. Farley v. Skeen, D.C.N.D.W.Va., 113 F.Supp. 736, 737; Farley v. Skeen, 4 Cir., 208 F.2d 791.

Petition dismissed.