REGINALD F. METCALF *vs.* COMMONWEALTH.

Suffolk. October 7, 1958. — March 9, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Delinquent Child. Jurisdiction,* Delinquent child. *District Court,* Delinquent child. *Res Judicata.*

An indictment for murder which was in the form prescribed by G. L. c. 277, § 79, and contained no allegation of murder in the second degree charged murder in the first degree. [649]

The Superior Court initially had jurisdiction of a proceeding upon an indictment for murder in the first degree against a child under fourteen years of age at the time of the alleged crime in 1956. [650]

Discussion of the purpose of G. L. c. 119, §§ 52–63, as amended, dealing with delinquent children and of the distinction between juvenile delinquency and crime. [651–652]

Upon an indictment for murder in the first degree against a child under fourteen years of age at the time of the alleged crime in 1956, an accepted plea of guilty of murder in the second degree established that the child was guilty of conduct constituting delinquency within G. L. c. 119, §§ 52–63, as amended, but not of a crime, so that thereupon the power of the Superior Court to sentence him for crime ceased and a further proceeding in a District Court under §§ 52–63 was in order. [653–654]

G. L. c. 119, § 83, applies only to such cases as reach the Superior Court after dismissal of delinquency proceedings pursuant to § 61. [654]

An accepted plea in the Superior Court of guilty of murder in the second degree to an indictment for murder in the first degree against a child under fourteen years of age at the time of the crime would establish conclusively the fact of delinquency for the purposes of a subsequent proceeding against him as a delinquent child under G. L. c. 119, §§ 52–63, as amended. [655]

The provisions of G. L. c. 119, § 61, as amended by St. 1948, c. 310, § 7, would be inapplicable in a delinquency proceeding under §§ 52–63 against a child under fourteen years of age at the time of his alleged commission of an offence even though he were over that age at the time of such proceeding. [655–656]

PETITION for writ of error, filed in the Supreme Judicial Court for the county of Suffolk on April 17, 1958.

The case was reserved and reported without decision by *Spalding, J.*

The case was argued in October, 1958, before *Wilkins*, C.J., *Ronan, Spalding, Counihan*, & *Cutter*, JJ., and afterwards was submitted on briefs to all the Justices.

*Monroe L. Inker, (Joseph G. Crane* with him,) for the petitioner.

*Hugh A. Cregg*, District Attorney, *(Martin C. Goldman*, Assistant District Attorney, with him,) amici curiæ.

*Edward J. McCormack, Jr.*, Attorney General, & *Arnold H. Salisbury*, for the Commonwealth, submitted a brief.

SPALDING, J. On January 12, 1956, Reginald F. Metcalf, then aged thirteen years and about nine and one half months, shot and killed Philip Kantrowitz in Newburyport. On May 16, 1956, Reginald, who was then fourteen years of age, was indicted for murder by the grand jury for Essex County. Since the indictment was in the statutory form prescribed by G. L. c. 277, § 79, and contained no allegation of murder in the second degree, it charged murder in the first degree. *Commonwealth* v. *Scicchitani*, 240 Mass. 402, 404. On June 7, 1956, Reginald, who was represented by counsel, pleaded guilty in the Superior Court to murder in the second degree, and he was thereupon sentenced to the Correctional Institution at Walpole for life, and he is now serving that sentence.

In the present proceedings (petition for a writ of error) Reginald challenges the legality of the sentence imposed.

The case was heard by a single justice of this court on the petition, the assignment of error, the return of the Superior Court, and a plea of in nullo est erratum filed by the Commonwealth. The single justice, without decision, reported the case to this court.

Reginald, hereinafter called the petitioner, contends that since the crime of which he was *convicted* was not punishable by death, and since he was under the age of fourteen when he committed the offence, the provisions of the statutes relating to the treatment of delinquent children (G. L. c. 119, §§ 52–83) were applicable and he should be dealt with only as there prescribed.

The petitioner concedes, as he must, that under the indictment which charged a crime punishable by death, the Superior Court at the outset had jurisdiction to hear the case. Indeed, that jurisdiction was exclusive. This is made clear by G. L. c. 119, §§ 52 and 74. Section 52, as amended by St. 1948, c. 310, § 3, defines the term "[d]elinquent child" as "a child between seven and seventeen who violates any city ordinance or town by-law or commits an offence *not punishable by death*" (emphasis supplied). Section 74, as appearing in St. 1948, c. 310, § 12, provides that "Criminal proceedings shall not be begun against any child between fourteen and seventeen years of age, *except for offences punishable by death*, unless proceedings against him as a delinquent child have been begun and dismissed as required by section sixty-one"[1] (emphasis supplied).

But the petitioner urges that the jurisdiction of the Superior Court terminates if a juvenile defendant is found guilty of a lesser offence or if a plea to such offence is accepted. At that point, we are told, resort must be had to the appropriate court having jurisdiction over delinquent

[1] Section 61, as amended by St. 1948, c. 310, § 7, reads: "If it be alleged in a complaint made under sections fifty-two to sixty-three, inclusive, that a child between fourteen and seventeen years of age has *committed* an offence against a law of the commonwealth, or has violated a city ordinance or town by-law, and the court is of opinion that his welfare, and the interests of the public, require that he should be tried for said offence or violation, instead of being dealt with as a delinquent child, the court may, after a hearing on said complaint, order it dismissed" (emphasis supplied).

children for further proceedings in conformity with G. L. c. 119, § 52 et seq.

The questions raised by the petitioner are both important and difficult. They have never been passed on by this court; nor are there any decisions interpreting the statutes under consideration that are of any assistance. The chief difficulty arises from an attempt to reconcile the various provisions governing delinquent children, and, more especially, §§ 52, 61, and 74. Most of these difficulties stem from the failure of the statutes to deal with the procedure to be followed in a case of this sort.

In ascertaining the legislative purpose we are mindful of the mandate that §§ 52–63 be construed liberally in order that children, as far as practicable, shall be treated, "not as criminals, but as children in need of aid, encouragement and guidance." G. L. c. 119, § 53. We might add that our approach to these sections would be in that spirit quite apart from the statutory command. We are also mindful of the further provision in § 53 that proceedings against children under these sections "shall not be deemed criminal proceedings."

The statute has as its principal aims the correction and redemption to society of delinquent children. To accomplish these objectives certain basic changes in the traditional method of dealing with criminal offenders have been made in the case of juveniles. Partly to avoid infringement of the constitutional rights of juveniles and partly to avoid attaching to them the stigma of a criminal, special procedures for the hearing of juvenile offences have been established and the determination to be made is not that of criminal guilt but of delinquency. G. L. c. 119, § 53. See opinion of Jacobs, J., in *State* v. *Monahan*, 15 N. J. 34; *Shioutakon* v. *District of Columbia*, 236 F. 2d 666 (D. C. Cir.); Rappeport, Determination of Delinquency in the Juvenile Court: A Suggested Approach, Washington Univ. L. Q. 123 (1958); S. and E. Glueck, One Thousand Juvenile Delinquents, cc. 2, 3, 13; Perkins, Criminal Law, pp. 733–738. Important consequences flow from the recognition of

delinquency as something legally and constitutionally different from crime. It means that the statute relating to delinquent children does more than merely set up a procedural alternative to trial in the criminal courts; there are also substantive differences. These substantive differences between delinquency and crime have important consequences, as will presently appear.

The marked tendency in juvenile offender legislation in this Commonwealth has been to widen the application of the special procedures established to deal with delinquent children. See Report of the Special Commission Established to Make a Further Investigation and Study Relative to the Prevention of Child Delinquency, 1948 Senate Doc. No. 470. Specific evidence of the legislative intent to extend the application of the statute relating to delinquent children to all offences of juveniles, other than first degree murder, is available. In 1948, the Legislature narrowed the exception to the jurisdiction of the courts dealing with delinquent children from offences punishable by death or imprisonment for life to offences punishable by death. St. 1948, c. 310, § 3. And the comment of the special commission to the proposed § 61 declares in the strongest terms an intent to give the specialized procedure for juvenile offenders the broadest application possible. That comment was as follows: "This amendment and that in section . . . [74] below require that every child under fourteen, *no matter what his offence,* unless it calls for capital punishment shall be dealt with as a delinquent and not as a criminal" (emphasis supplied). Report of the Special Commission, p. 32.

Although a clear legislative intent to give a broad application to the specialized juvenile offender procedure is apparent, complex questions of jurisdiction and procedure arise in effectuating that intent. In general it may be said that jurisdiction of a criminal court depends upon the state of affairs existing at the time it is invoked, and if a court has jurisdiction over an offence or cause of action at the commencement of proceedings that jurisdiction will not be

defeated by subsequent events, though they are of such a character as would have prevented jurisdiction from attaching in the first instance. *Collins* v. *Robbins*, 147 Maine, 163, 167, and cases cited therein. *People* v. *Wilson*, 78 Cal. App. 2d 108, 120–121. *State* v. *Skeen*, 138 W. Va. 116, cert. den. sub nom. *Hinkle* v. *Skeen*, 345 U. S. 967. *Hinkle* v. *Skeen*, 117 F. Supp. 846 (N. D. W. Va.).

However, this traditional jurisdictional concept is of doubtful value in the peculiar circumstances of this case. This is so because in the situations in which this concept was developed the character of the case is the same in both alternative procedures. Thus in a criminal court having jurisdiction over a felony, but not of a misdemeanor, a conviction for the lesser offence does not change the nature of the case; it still remains a criminal case. Here the change is not from criminal court to criminal court, but from a court having cognizance of criminal offences to a court with jurisdiction over acts of juvenile delinquency.[1]

Section 52 of the statutes (c. 119) relating to delinquent children excepts from its operation one who *commits* an offence punishable by death. Only the acceptance of a plea of guilty or the return of a verdict of guilty can establish whether such an offence has been committed. The acceptance of the petitioner's plea of guilty to murder in the second degree defined his offence as a noncapital one. See *Commonwealth* v. *Coggins*, 324 Mass. 552, 555–556. At that point in the proceedings it was established that the petitioner was guilty of conduct which, in view of his age, constituted delinquency and not a crime. This being so, the Superior Court could not impose sentence upon the petitioner. There-

---

[1] Questions as to the scope of the jurisdiction of criminal courts over heinous offences committed by juveniles have been before courts in other jurisdictions. The value of these opinions as authorities here is limited by the fact that each court was construing statutes which differ from ours. A decision which tends to support the petitioner's position is *State* v. *Dabon*, 162 La. 1075. See *United States* v. *Fotto*, 103 F. Supp. 430 (S. D. N. Y.); *State* v. *Musser*, 110 Utah, 534. But cases pointing in the direction of the Commonwealth's position are *Collins* v. *Robbins*, 147 Maine, 163, *Howland* v. *State*, 151 Tenn. 47, and *State* v. *Skeen*, 138 W. Va. 116, cert. den. sub nom. *Hinkle* v. *Skeen*, 345 U. S. 967. See *Hinkle* v. *Skeen*, 117 F. Supp. 846 (N. D. W. Va.). See also annotations in 123 A. L. R. 446; 48 A. L. R. 2d 663, 695.

upon further proceedings in the appropriate District Court, as hereinafter indicated, would be in order.

In opposition to the foregoing conclusion the Commonwealth urges that § 83 enables the Superior Court to deal with a case of this sort in a manner that would accomplish the statutory purpose. That section confers discretion upon the judge to commit a boy between fourteen and eighteen convicted in the Superior Court of an offence punishable by imprisonment to the custody of the youth service board until he becomes twenty-three years of age, in lieu of immediately committing him to a penal institution. But we think the answer to this assertion is that the statutory scheme shows that § 83 applies only to such cases as reach the Superior Court after the dismissal of a delinquency complaint pursuant to § 61. See §§ 75, 80. And, as we shall point out later, the procedure established by § 61 is inapplicable to the case at bar.

It becomes necessary to determine the effect to be given to the guilty plea in the proceedings in the District Court. It can hardly be supposed that the proceedings in the Superior Court were merely a preliminary inquiry to determine jurisdiction. (The petitioner does not so contend. His challenge to the Superior Court proceedings is confined to the matter of sentence.) Under that view serious difficulties involving double jeopardy would arise, for the case here must be considered on the footing that the present problem can arise either by a verdict of guilty of the lesser offence or by a plea of guilty. Jeopardy would attach when the jury were empanelled (*Commonwealth* v. *Dascalakis*, 246 Mass. 12, 18–19) and if a defendant was acquitted he could not be tried again for the same offence, and if the jury found him guilty of a lesser offence he could not be retried for the greater.[1] *Ekberg* v. *United States*, 167 F. 2d 380, 386 (1st

---

[1] We, of course, express no opinion with respect to the situation where a defendant has been convicted of a lesser offence and then seeks and obtains a new trial because of error. Whether that wipes the slate clean and permits conviction for the greater offence is a question on which courts have differed. See *Green* v. *United States*, 355 U. S. 184, and cases collected in footnote at pp. 216–218.

Cir.).   15 Am. Jur., Criminal Law, § 386.   22 C. J. S., Criminal Law, § 284.   We are of opinion that in the proceedings in the District Court that court cannot go behind the determination of facts constituting delinquency implicit in the plea of guilty in the Superior Court.   The determination there ought not to be final for some purposes and less than final for others.   The petitioner has the benefits of the determination in the Superior Court with respect to double jeopardy and it is only fair that he accept the concomitant burdens of that determination; he should not be permitted to retry in the District Court the issues involved in the Superior Court proceedings.

To be sure, the court having jurisdiction over an offender under the age of fourteen can impose sentence only for delinquency and not for a crime.   Thus a complaint charging the petitioner with delinquency must be filed in the District Court and a determination of delinquency must be made in that court, before it can lawfully impose sentence. § 54.   However, in the situation here that would be hardly more than a pro forma proceeding based on the determination of guilt made in the Superior Court.   The District Court would then proceed to impose an appropriate sentence in conformity with the provisions of G. L. c. 119, § 52 et seq.

In cases of this character the alternative method of disposition provided by § 61 would often be available to the District Court judge.   That section confers discretion upon the judge to determine that a child between fourteen and seventeen years of age charged with the commission of an offence should be tried for that offence instead of being dealt with as a delinquent child, and order the dismissal of the delinquency complaint.   However, that procedure is not available here, because the petitioner was under the age of fourteen when he *committed* the offence.   The statute clearly implies that the determination of age for the purposes of § 61 is to be made as of the time of the commission of the offence rather than some subsequent time, such as the time of apprehension, indictment or trial.   Section 61, which is the controlling statutory provision, reads in part: "If it be

alleged . . . that a child between fourteen and seventeen years of age has *committed* an offence against a law of the commonwealth . . ." (emphasis supplied). The plain intendment of this language is that the relevant time is the age at the time of the offence. The comment to this section in the Report of the Special Commission, mentioned above, reinforces this construction. Other sections of the statute also indicate that age at the commission of the offence is the determinative age. The definition of "[d]elinquent child" in § 52 points in this direction, as does the grant of continuing jurisdiction to District Courts in § 72.

Courts of other States have passed upon this question, and a conflict of authority has developed. Many courts have taken the view that the age at the time of the indictment or trial is the determinative age; others hold that it is the age at the time that the offence is committed. Many of the cases are collected in 123 A. L. R. 446. See also Rappeport, Determination of Delinquency in the Juvenile Court: A Suggested Approach, Washington Univ. L. Q. 123 (1958). To discuss them would not be profitable for they involve statutes which differ from each other and from ours.

It follows that the judge of the Superior Court was without power to sentence the petitioner. It ought to be said here that it does not appear that the question of the power of the Superior Court to impose sentence was raised before the trial judge. In view of this and because of the novelty of the question and the uncertain state of the law, it is readily understandable that the judge dealt with the case as he did; in the circumstances he could hardly have done otherwise. The judgment is reversed and further proceedings may be instituted in conformity with this opinion.

*So ordered.*