PETER W. MAKAREWICZ *vs.* COMMONWEALTH.

Suffolk.    November 4, 1963. — November 29, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Delinquent Child. Jurisdiction,* Delinquent child, Homicide. *Words,* "Punishable."

The Superior Court had power in 1955 to impose a sentence of imprisonment for life under G. L. c. 265, § 2, as amended by St. 1951, c. 203, on a defendant who had pleaded not guilty to an indictment for murder in the first degree but who had been found guilty thereof by the jury with a recommendation that the sentence of death be not imposed, even though the defendant was only fifteen years old at the times of the offence and of the indictment and was under seventeen years of age at the time of sentence and no proceeding had been brought against him as a delinquent child under c. 119: the recommendation by the jury did not change the nature of the substantive crime as murder in the first degree and as "punishable by death" within c. 119, §§ 52, 74, as those sections read in 1955.

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on September 5, 1962, to reverse a sentence imposed on the petitioner in the Superior Court in 1955.

The case was heard by *Reardon,* J.

*Gerard F. Lane* for the petitioner.

*James W. Bailey,* Assistant Attorney General, for the Commonwealth.

KIRK, J.    Peter W. Makarewicz in this petition for a writ of error contends that his sentence to life imprisonment, imposed by a judge of the Superior Court, was an illegal sentence because the Superior Court, at the time sentence was imposed, had lost jurisdiction of the case. The case was heard by the single justice on the petition, the assignment of errors, and the answer of the Commonwealth which admitted certain allegations of fact but denied error. The single justice affirmed the judgment. In his order he stated pertinent facts of record and made rulings to which the petitioner has excepted.

The contention and argument on behalf of Makarewicz stem mainly from his conception of our holding in *Metcalf* v. *Commonwealth*, 338 Mass. 648. See also *D'Urbano* v. *Commonwealth*, 345 Mass. 466. We make a comparative analysis of the undisputed facts in the present case and in the *Metcalf* case in order to point up the issue which is here presented. We indicate first the points of similarity between the two cases. In this case, as in the *Metcalf* case, one of the applicable statutes was G. L. c. 119, § 52, which defined "delinquent child" as "a child between seven and seventeen who violates any city ordinance or town by-law or commits an offence not punishable by death."[1] In this case, as in the *Metcalf* case, the petitioner was, at the time of his offence, at the time of his indictment, and at the time of sentence, between seven and seventeen years of age. In this case, as in the *Metcalf* case, at all relevant times G. L. c. 119, § 74, was applicable, and it provided, "Criminal proceedings shall not be begun against any child between fourteen and seventeen years of age, except for offences punishable by death, unless proceedings against him as a delinquent child have been begun and dismissed as required by section sixty-one."[2] In this case, as in the *Metcalf* case, criminal proceedings were begun when the petitioner was between fourteen and seventeen years of age.[3] In this case, as in the *Metcalf* case, the charge was murder in the first degree. In this case, as in the *Metcalf* case, the petitioner was not afforded a hearing at any time before a juvenile session of any court. Here the points of similarity end.

We now cite the points of difference in the facts of record and discuss the consequences which follow from them. In the *Metcalf* case, the judge accepted Metcalf's plea of guilty

---

[1] This definition was amended by St. 1960, c. 353, § 1, by substituting the words "who commits any offence against a law of the commonwealth" for "commits an offence not punishable by death."

[2] Statute 1960, c. 353, § 3, deleted the words "except for offences punishable by death."

[3] Metcalf was thirteen years old when he committed the offence and fourteen when he was indicted. 338 Mass. 648, 649. Makarewicz was fifteen years old when he committed the offence and when he was indicted.

to so much of the indictment as charged murder in the second degree. Metcalf was thereupon sentenced to life imprisonment. Upon consideration of Metcalf's petition for a writ of error this court held that by the acceptance of his plea it became established that the offence which he had committed was one which was not punishable by death, and that accordingly, under G. L. c. 119, §§ 52, 74, the Superior Court was without jurisdiction to impose sentence upon him. The judgment was reversed, and thereafter juvenile offender proceedings were followed.

In the case before us, however, following a plea of not guilty to the indictment charging him with murder in the first degree, Makarewicz was tried before a jury who returned a verdict of guilty of murder in the first degree with a recommendation that the death penalty be not imposed.[4] The argument of the petitioner appears to be that the jury by their verdict foreclosed the punishment of death with the result that, as in the *Metcalf* case, the Superior Court was without power to impose the sentence of life imprisonment. We are not persuaded. In the *Metcalf* case, the decisive fact was that the offence of which Metcalf stood convicted by his accepted plea subjected him to the mandatory sentence of life imprisonment. G. L. c. 265, § 2. The substantive crime thereby defined, murder in the second degree, was "an offence not punishable by death." Here, in contrast, the decisive fact is that the jury's verdict established and defined the substantive crime which Makarewicz had committed as murder in the first degree which is an offence punishable by death. G. L. c. 265, § 2. "Punishable" means liable to punishment. A statutory provision which refers to crimes as punishable by death or as punishable by life imprisonment describes, respectively, a class of crimes identified by the punishment to which they make the perpetrator liable. Their character is determined by that

---

[4] Upon appeal to this court accompanied by assignment of errors based upon exceptions taken at the trial and a transcript of the evidence under the provisions of G. L. c. 278, §§ 33A–33G, the judgment was affirmed. *Commonwealth* v. *Makarewicz*, 333 Mass. 575. The alleged error presently assigned was not raised in that appeal.

test and does not at all depend upon the sentence which may be pronounced. *Commonwealth* v. *Pemberton,* 118 Mass. 36, 42, 43. See *Commonwealth* v. *McNeil,* 328 Mass. 436, 441–442. The recommendation of the jury pursuant to G. L. c. 265, § 2, as amended by St. 1951, c. 203, did not change the class to which the substantive crime belonged. It did not lessen the gravity of the crime or alter its essential nature. It was limited solely to the punishment which could be imposed in the particular case.

This conclusion has substantial support elsewhere. In *Fitzpatrick* v. *United States,* 178 U. S. 304, 306–307, where the Supreme Court of the United States on a writ of error reviewed a judgment on a verdict of guilty of murder "without capital punishment," it was said, "It is clear, however, that, as . . . [the statute] inflicts the penalty of death for murder, the power given the jury by the . . . [amendment] to qualify the verdict of guilty by adding the words 'without capital punishment,' does not make the crime of murder anything less than a capital offence, or a conviction for murder anything less than a conviction for a capital crime, by reason of the fact that the punishment actually imposed is imprisonment for life. The test is not the punishment which *is* imposed, but that which *may be* imposed under the statute. . . . A conviction for murder, punishable with death, is not the less a conviction for a capital crime by reason of the fact that the jury, in a particular case, qualifies the punishment." See, to the same effect, *Stroud* v. *United States,* 251 U. S. 15, 18, and *Stroud* v. *United States,* 283 F. 2d 137, 139 (10th Cir.), citing *Fitzpatrick* v. *United States,* 178 U. S. 304.

We rule that the recommendation of the jury did not cause the Superior Court under the provisions of G. L. c. 119, § 52, to lose the jurisdiction which it had properly assumed under G. L. c. 119, § 74. The sentence was legally imposed.

The petitioner cites several cases in which we considered our power to review "a capital case" under G. L. c. 278, § 33E, as amended by St. 1939, c. 341, *Commonwealth* v.

*Coggins,* 324 Mass. 552, *Commonwealth* v. *Cox,* 327 Mass. 609, 614, *Commonwealth* v. *Vaughn,* 329 Mass. 333, 339–340, and as further amended by St. 1962, c. 453, *Commonwealth* v. *Baker, ante,* 107, 108–109. It is sufficient to say that neither the statute nor the cases cited have any bearing on the issue before us.

The order of the single justice was right.

*Exceptions overruled.*