COMMONWEALTH *vs.* RICHARD E. CHASE.

Essex. October 5, 1964. — November 4, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Delinquent Child. Jurisdiction,* Delinquent child. *Superior Court,* Jurisdiction. *Practice, Criminal,* Plea, Double jeopardy, Speedy trial. *Evidence,* Admissions and confessions, Plea. *Res Judicata. Constitutional Law,* Speedy trial.

Where it appeared that in 1956 there was a homicide followed by an indictment of a fifteen year old boy for murder in the first degree, on which he pleaded guilty to murder in the second degree and was sentenced, although there had been no delinquency proceeding against him under G. L. c. 119, §§ 52–63, and that in 1962 the sentence was reversed on writ of error for want of jurisdiction to impose it, a delinquency proceeding was commenced against him and dismissed, and he was indicted on a new indictment charging murder in the second degree, it was held in 1964 that the acceptance of his plea of guilty of murder in the second degree precluded any further proceeding against him for murder in the first degree [104]; that under c. 119, §§ 61, 74, in the absence of any delinquency proceeding prior to the earlier indictment, the Superior Court had no jurisdiction to proceed under that indictment with respect to murder in the second degree [103–104]; that the plea on the earlier indictment was not conclusive of his guilt of second degree murder under the later indictment but would be competent evidence against him at a trial thereof [104–105]; that he would not be placed in double jeopardy by being tried on the later indictment [105]; and that on the record no unconstitutional denial of a speedy trial would result from a trial on the later indictment. [106]

INDICTMENTS found and returned on May 16, 1956, and September 14, 1962.

The case was reported by *Taveira, J.*

*Walter J. Hurley* for the defendant.

*John J. Jennings,* Assistant District Attorney, for the Commonwealth.

CUTTER, J. This case arises out of the same homicide on January 12, 1956, which was discussed in *Metcalf* v. *Commonwealth,* 338 Mass. 648. For that homicide, Metcalf, then thirteen, and the defendant, Chase, then fifteen, were indicted on May 16, 1956, for murder in the first degree. On June 7, 1956, Chase's plea of guilty to murder in the second degree on that indictment (No. 46,181) was accepted by a Superior Court judge. Chase was at once sentenced to life imprisonment, "although he had not been accorded a juvenile hearing after his plea had been accepted." See G. L. c. 119, §§ 52–74, as in effect on January 12 and June 7, 1956.

After the decision on March 9, 1959, in the *Metcalf* case, Chase filed a petition for a writ of error in the county court. On February 20, 1961, a single justice ordered that the 1956 judgment of the Superior Court be reversed because the Superior Court judge, after accepting Chase's plea of guilty to the crime of murder in the second degree, had no jurisdiction to impose sentence for that crime. See the *Metcalf* case, at pp. 653–654. The order of the single justice stated that "the proceeding was then in a posture where, in view of . . . [Chase's] age at the time of the commission of the acts complained of, he was guilty not of criminal conduct but delinquency" under G. L. c. 119 as in force in 1956.

The discussion in the *Metcalf* case of the application of c. 119 to Metcalf, who was under the age of fourteen at the time of the homicide, need not be repeated here. Chase, however, stood in a somewhat different position from Metcalf. Metcalf, because not yet fourteen, could be dealt with in 1956 only as a delinquent and not for a crime which was not punishable by death. See the *Metcalf* case, at pp. 650,

652, and 655, which also held (p. 653) that the acceptance of Metcalf's plea of "guilty to murder in the second degree defined his offence as . . . noncapital." Chase in 1956 was over fourteen years of age. Under G. L. c. 119, § 61 (as amended through St. 1948, c. 310, § 7), it was open to the appropriate court (with juvenile jurisdiction), upon considering a complaint for delinquency against Chase for homicide of a type not a capital offence, to determine that "he should be tried for said offence . . . instead of being dealt with as a delinquent child." That court could then dismiss the delinquency complaint against Chase and criminal proceedings could thereafter be initiated against him for second degree murder in the Superior Court. See G. L. c. 119, § 74 (as amended through St. 1948, c. 310, § 12). It is in the light of this statutory situation that the more recent proceedings against Chase must be considered.[1]

On April 25, 1962, judgment (reversing Chase's 1956 sentence) was entered in the county court in accordance with the earlier order for judgment of the single justice. No explanation of the fourteen months of delay in entering this judgment appears in the record. It was open to Chase's counsel, of course, to move for judgment at any time.

On June 29, 1962, by order of the Superior Court, Chase was released from confinement under the original indictment, No. 46,181. On the same day he was taken into custody upon a delinquency complaint based upon the conduct now charged as second degree murder. On August 17, 1962, in the District Court of Newburyport the delinquency complaint was dismissed and Chase was bound over to the grand jury. On September 14, 1962, a new indictment (No. 52,496) charged Chase with murder in the second degree. To this indictment, counsel for Chase filed various

---

[1] See the further discussion of somewhat comparable situations involving homicides by juveniles in relation to G. L. c. 119 (as it has appeared at various times since 1947), in *Nassar* v. *Commonwealth,* 341 Mass. 584 (dealing with an offence committed prior to the effective date of amendments of c. 119 found in St. 1948, c. 310, §§ 3, 12, which are applicable in the present case), *D'Urbano* v. *Commonwealth,* 345 Mass. 466, and *Commonwealth* v. *Wallace,* 346 Mass. 9, in which an amendment (see St. 1960, c. 353, § 3) of c. 119 made after 1956 was applicable.

Commonwealth *v.* Chase.

preliminary motions which need not be described in detail. The district attorney, relying upon Chase's plea of guilty to murder in the second degree upon indictment No. 46,181, moved for sentence upon each of the indictments (Nos. 46,181 and 52,496). A Superior Court judge has reported the case (see G. L. c. 278, § 30A, inserted by St. 1954, c. 528) upon various questions of law which are set out in the margin.[2] They are discussed below.

QUESTIONS NOS. 1 THROUGH 4 AND QUESTIONS NOS. 8 AND 9.

The *Metcalf* case (at pp. 653–655) in effect determined that, under G. L. c. 119 as it stood in 1956, the acceptance of Chase's plea of guilty of murder in the second degree established (1) that Chase was not guilty of first degree murder, the only crime of which the Superior Court in 1956 had jurisdiction until after there had been a prior dismissal of delinquency proceedings against Chase by a court having juvenile jurisdiction, but (2) that Chase was a delinquent. This view is reinforced by our discussion (but not our holdings, see fn. 1) in the *Nassar* case, 341 Mass. 584, 586, 588–590, and the *D'Urbano* case, 345 Mass. 466, 468, 472.

The acceptance of the plea of guilty, in our opinion, did not merely suspend the proceedings upon indictment No. 46,181 until after the initiation and dismissal of delinquency pro-

---

[2] The questions of law reported are: "1. May . . . [Chase] now be sentenced on indictment . . . [No.] 46181 for . . . second degree murder by reason of his plea of guilty? 2. May . . . [Chase] now be sentenced on indictment . . . [No.] 52496 for . . . second degree murder by reason of his plea of guilty? 3. If . . . [Chase] cannot now be [so] sentenced . . . may he now be tried . . . [for] first degree murder as alleged in indictment . . . [No.] 46181? 4. . . . [W]hat is the effect in . . . [a] subsequent trial of the . . . plea of guilty entered . . . [in] 1956? 5. If . . . [Chase] is now tried on indictment No. 46181, would he be denied the right to a speedy trial . . . ? 6. If . . . [Chase] is now tried on [i]ndictment No. 52496, would he be denied the right to a speedy trial . . . ? 7. Should . . . [Chase's] plea in bar of former conviction be sustained? 8. Does the [c]ourt have jurisdiction to try . . . [Chase] on indictment No. 46181? 9. Does the [c]ourt have jurisdiction to try . . . [Chase] on indictment No. 52496? The following two questions are reported at the request of defendant's counsel: . . . [10.] In considering whether . . . it is proper to allow a plea of guilty to the crime of manslaughter, should the trial judge consider the adverse effect on . . . [Chase] of the invalid sentence of 1956? . . . [11.] Would the interest of justice be best served by allowing . . . [Chase] to plead guilty to the crime of manslaughter, if such plea is proper?"

ceedings. In the light of the prohibition of c. 119, § 74,[3] with respect to the commencement of criminal proceedings against children, we regard the acceptance of the plea as having terminated the Superior Court's jurisdiction to conduct against Chase further proceedings upon indictment No. 46,181, when there had been no prior dismissal of delinquency proceedings.

It is now impossible to try Chase for first degree murder. As stated above, the acceptance of his plea of guilty to second degree murder (see the *Metcalf* case, 338 Mass. 648, 653) "defined his offence as a noncapital one." We hold that determination to be sufficiently final to create a bar to his subsequent trial for first degree murder.

Although (see the *Metcalf* case, 338 Mass. 648, 654–655) Chase's plea established that he was a delinquent by reason of conduct which, in an adult, would have constituted second degree murder, it did not enable the Superior Court to impose a criminal sentence upon the first indictment (No. 46,181). Accordingly, we think that the plea cannot be regarded as conclusively establishing guilt of the crime of second degree murder when it did not permit the imposition of sentence for that crime. The plea also did not purport to be a plea of guilty to the new indictment (No. 52,496). In the *D'Urbano* case, 345 Mass. 466, 473, it was assumed (but not decided) that D'Urbano could have pleaded not guilty to a new indictment, despite his plea of guilty to an earlier indictment. We now hold that assumption to have been correct.

The plea to the first indictment (No. 46,181) was a formal confession in open court of conduct by a juvenile constituting very serious delinquency. As such it has evidential effect, even if it is not conclusive on the issue of guilt of second degree murder. In a trial of the new indictment (No. 52,496) the plea may be admitted in evidence. See

---

[3] Section 74 reads, "Criminal proceedings shall not be *begun* against any child between fourteen and seventeen years of age [except for offences punishable by death] unless proceedings against him as a delinquent child have been *begun* and dismissed as required by section sixty-one" (emphasis supplied). The bracketed words were deleted by St. 1960, c. 353, § 3.

*Commonwealth* v. *Brown,* 150 Mass. 330, 331; *Commonwealth* v. *Haywood,* 247 Mass. 16, 19–20. See also *Commonwealth* v. *Crecorian,* 264 Mass. 94, 97–98. Because, however, the plea is not conclusive of criminal guilt, competent evidence in explanation of the admission may be received. See *Rosenblatt* v. *Percy,* 313 Mass. 757, 758.

The answers to the first group of reported questions may be summarized as follows: *Questions Nos. 1 and 2,* Chase cannot be sentenced now on either indictment, by reason of his former plea alone, for the crime of second degree murder; *Question No. 3,* Chase cannot now be tried for first degree murder on indictment No. 46,181; *Question No. 4,* Chase's plea of guilty to second degree murder upon the earlier indictment has evidential value in the trial of the second indictment as a confession or admission of the conduct charged which constituted delinquency; *Questions Nos. 8 and 9,* The Superior Court now has jurisdiction to try Chase on indictment No. 52,496, but not on indictment No. 46,181, which abated upon the acceptance of Chase's plea.

QUESTION No. 7.

Chase has never been placed in jeopardy on the charge of second degree murder by a court which then had jurisdiction to try him for that crime. He was illegally sentenced in 1956 upon his plea of guilty to second degree murder, and has established by writ of error the illegality of that sentence because the Superior Court, while Chase remained under the age of seventeen years, lacked jurisdiction to entertain criminal proceedings against him for second degree murder prior to the dismissal of delinquency proceedings based upon the same conduct. He has never been tried for that offence. Question No. 7 should be answered that Chase's plea in bar of former conviction of second degree murder should be overruled. See the *D'Urbano* case, 345 Mass. 466, 472–473. See also *Commonwealth* v. *McCan,*

277 Mass. 199, 204–206; *Commonwealth* v. *Mahoney,* 331 Mass. 510, 513–514.

## QUESTIONS NOS. 5 AND 6.

Chase's prompt 1956 trial was ended by his plea of guilty to second degree murder. Delinquency proceedings in the District Court would have followed promptly if the requirements of G. L. c. 119 had been understood prior to the decision in the *Metcalf* case (see 338 Mass. 648, 653, 656). Chase has not shown that any delay prior to September 14, 1962 (the date of the new indictment, No. 52,496), in trying him for the crime of second degree murder (as distinguished from the delinquency which he has admitted) was the fault of the Commonwealth. Since his prompt arraignment on that new indictment it has been open to him to seek trial on the merits at any time in an effort to establish his innocence of the once admitted offence. His own pretrial motions have been responsible for much of what delay has taken place. At no time has he made an unequivocal demand for trial on the merits of the sort contemplated by G. L. c. 277, § 72. See *Commonwealth* v. *Hanley,* 337 Mass. 384, 387–388. The chain of events shown by this record involves no unconstitutional denial to Chase of a speedy trial for the homicidal conduct which he had admitted by his earlier plea. See the *D'Urbano* case, 345 Mass. 466, 473.

## QUESTIONS NOS. 10 AND 11.

Question No. 10 and question No. 11 (see fn. 2), both reported at the request of Chase's counsel, present no issue of law. See G. L. c. 278, § 30A.

## CONCLUSION.

The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*