459 So.2d 777 (1984)
Lizzie Mae WILLIAMS
v.
STATE of Mississippi.
No. 55180.
Supreme Court of Mississippi.
August 29, 1984.
Rehearing Denied December 12, 1984.
Charles E. Webster, Wood & Twiford, Tom T. Ross, Jr., Ross & Ross, Clarksdale, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON, and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Lizzie Mae Williams, sixteen (16) years of age, was indicted in the Circuit Court of Coahoma County for the murder of one Albert Jones. She entered a guilty plea to manslaughter, which was accepted by the court, and was sentenced to serve ten (10) years in custody of the Mississippi Department of Corrections with the last five (5) years suspended. Upon acceptance of the guilty plea, Williams' attorney filed a motion to transfer the case as a delinquent child committing a delinquent act to the Coahoma County Youth Court. The lower court denied the motion, and, after a series of petitions were filed and heard, resulting in an appeal to this Court, which was dismissed, Williams filed a petition for writ of error in the lower court. That court entered an order September 6, 1983, denying the relief sought in the petition for writ of error, and Williams has appealed to this Court. The sole assignment of error follows:
The circuit court does not have jurisdiction to accept a juvenile's plea of guilty to manslaughter even if the cause of action was initiated by murder indictment.
The Grand Jury of Coahoma County returned an indictment on June 28, 1983, charging appellant with the murder of Albert Jones, April 2, 1983. Albert Jones was appellant's boy friend. She stood mute upon arraignment, and the circuit judge entered a plea of not guilty for her.
On July 21, 1983, the case was called for consideration of a guilty plea to manslaughter, the case having been set for trial during the term of court then in session. At such time, it was made known to the court that the appellant desired to enter a plea of guilty to manslaughter, and, in the event such a plea was accepted by the court, appellant's attorney would immediately file a motion with the court to transfer the case to the Youth Court of Coahoma County. The court then stated that it would not have to accept any plea and declared the hearing closed.
*778 Appellant was before the court again for consideration of the manslaughter plea, on July 25, 1983. The circuit judge indicated that he would set aside the not guilty plea to murder and accept her guilty plea to the lesser-included offense of manslaughter, should he determine that the plea was voluntarily, knowingly, understandingly and freely entered.
After an appropriate hearing, the circuit judge found that the plea of guilty to the crime of manslaughter should be accepted and he ordered a pre-sentence investigation before imposing sentence. On August 11, 1983, appellant filed a motion in the County Court of Coahoma County, Mississippi, Youth Court Division, to transfer the case from the Coahoma County Circuit Court to the Youth Court and to enjoin the Circuit Court from sentencing appellant. That motion was overruled by the county court judge. Subsequently, the proceedings mentioned at the outset were had in the Circuit Court of Coahoma County finally resulting in the present appeal to this Court.
Paragraph (4) of the petition for writ of error states the case for the appellant and her brief and argument follow that contention. Pertinent parts are stated:
IV.
It is your petitioner's position that when it was determined that the charge would be reduced from one of murder to one of manslaughter, the Circuit Court of Coahoma County, Mississippi, lost all jurisdiction to try the issues or accept a plea to the non-capital offense of manslaughter. Section 43-21-151(1), Mississippi Code, Annotated (1972), states that the Youth Court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child. Section 43-21-105(i) states that a "`delinquent child' means a child who has reached his 10th birthday and who has committed a delinquent act." Section 43-21-105(a) states that a "`delinquent act' is any act, which if committed by an adult, is designated as a crime ... other than offenses punishable by life imprisonment or death."
The appellant relies upon State, ex rel. Johnson v. Blackburn, 384 So.2d 402 (La. 1980); State, ex rel. Moore v. Warden, 308 So.2d 749 (La. 1975); Metcalf v. Commonwealth, 338 Mass. 648, 156 N.E.2d 649 (1959); and People v. Murch, 263 N.Y. 285, 189 N.E. 220 (1934); which support her position. On the other hand, the appellee relies upon Dicus v. Second Judicial District Court, 97 Nev. 273, 625 P.2d 1175 (1982); People v. Davenport, 43 Colo. App. 41, 602 P.2d 871 (1979); Gray v. State, 6 Md. App. 677, 253 A.2d 395 (1969); Hinkle v. Skeen, 138 W. Va. 116, 75 S.E.2d 223 (1953); and Howland v. State, 151 Tenn. 47, 268 S.W. 115 (1925); which state the opposite view and support its position.
In the Maryland case of Gray v. State, 6 Md. App. 677, 253 A.2d 395 (1969), a similar question as here was before the Court. The appellant there conceded that the circuit court has exclusive jurisdiction when a delinquent child is indicted for first degree murder since the crime is punishable by death or life imprisonment, but contended that the court has no jurisdiction over a juvenile delinquent charged with second degree murder or manslaughter, since such crimes are not punishable by death or life imprisonment. The Court said:
On the surface the appellant's argument appears logical, persuasive, and it would appear to be supported by cases in Louisiana and New York cited in his brief. [Citations omitted]. We are of the opinion, however, that the proposition advanced by the appellant (and the rationale of the decisions he relies upon) overlooks the fundamental principle of law that once a court lawfully acquires jurisdiction over the person and the subject matter of the litigation, subsequent events will not ordinarily deprive the court of its jurisdiction, although had they existed at the time, they may have initially precluded the court's jurisdiction. The rule was well articulated in Collins *779 v. Robbins, 147 Me. 163, 84 A.2d 536, at p. 538, where it was stated:
"It has long been accepted as a well known principle of law that `the jurisdiction of a court depends upon the state of affairs existing at the time it is invoked, and if the jurisdiction once attaches to the person and subject matter of the litigation, the subsequent happening of events, though they are of such a character as would have prevented jurisdiction from attaching in the first instance, will not operate to oust the jurisdiction already attached. * * * 12 Encyclopedia of Pleading and Practice, page 171."
* * * * * *
In Howland v. State, 151 Tenn. 47, 268 S.W. 115, it was held that notwithstanding a statute conferring jurisdiction upon juvenile courts of all crimes committed by a child under sixteen years of age, except rape and murder, the trial court did not lose jurisdiction over a child indicted for murder where the jury brought in a verdict of manslaughter. The court said (at p. 116):
"But where the grand jury presented an indictment for murder against one under 16 years of age, as was done in this case, the jurisdiction of the criminal court over the offense of murder being exclusive, that court would not thereafter lose its jurisdiction by a verdict assessing a degree of homicide below murder. 16 C.J. 181, pars. 246, 247."
To the same effect is State ex rel. Hinkle v. Skeen, 138 W. Va. 116, 75 S.E.2d 223 (cert. denied, Hinkel v. Skeen, 345 U.S. 967, 73 S.Ct. 954, 97 L.Ed. 1385) where it was held that a state circuit court, having acquired jurisdiction of a capital offense by virtue of an indictment charging a juvenile with murder, did not lose jurisdiction of the person or the offense by accepting a plea of guilty to the non-capital crime of murder in the second degree, notwithstanding a State statute giving exclusive jurisdiction to juvenile courts in those cases involving juveniles charged with non-capital offenses. See also Hinkel v. Skeen, 117 F. Supp. 846.
Likewise in Reynolds v. Commonwealth, 94 Va. 816, 27 S.E. 427, it was held that a court having jurisdiction of an indictment is not ousted thereof by a conviction of a misdemeanor included in a felony, although it had no original jurisdiction of such misdemeanor. [253 A.2d at 398-99].
We are of the opinion that this Court has adopted the general rule in Bynum v. State, 222 Miss. 632, 637, 76 So.2d 821, 823 (1955), where the Court said: "As a general rule, jurisdiction once acquired is not defeated by subsequent events even though they are of such a character as would have prevented jurisdiction from attaching in the first instance." The Court in Bynum further stated that the rule was approved and adopted by the Court in the case of Barnes v. Rogers, 206 Miss. 887, 41 So.2d 58 (1949).
We think the sounder rule has been stated and followed in those states holding that once jurisdiction is acquired, it is not lost by accepting a plea to a lesser-included offense or conviction for a lesser-included offense, even though such offenses would not originally confer jurisdiction in the circuit court. It would be a mockery of the law and justice to hold that when a juvenile is indicted for murder that the circuit court must proceed with a trial on the murder charge, or lose jurisdiction, if a plea or conviction for a lesser-included offense occurs. In the present case, the circuit judge could have imposed a fine and jail sentence, or could have suspended the entire sentence. His powers are almost the same as those conferred upon the Youth Court.
Therefore, we hold that the lower court had jurisdiction to entertain a guilty plea to the lesser-included offense of manslaughter and that it committed no error in accepting such plea and imposing sentence thereon. The judgment of the lower court is affirmed.
AFFIRMED.
*780 WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.