COMMONWEALTH *vs.* MICHAEL J. WILLIAMS.

Franklin. January 9, 1998. - March 11, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Juvenile Court,* Delinquent child. *Superior Court,* Jurisdiction. *Practice, Criminal,* Juvenile delinquency proceeding, Transfer hearing, Lesser included offense. *Delinquent Child. Jurisdiction,* Delinquent child, Juvenile delinquency proceeding, Transfer hearing.

This court concluded that a transfer hearing conducted under the former G. L. c. 119, §§ 61 or 72A, concerning a juvenile over the age of fourteen who had been charged with a particular offense, would necessarily include any lesser included offense for which the juvenile also could have been transferred; accordingly, a Superior Court judge had jurisdiction to try a juvenile so transferred on the lesser included offense, or to accept a plea of guilty on the lesser included offense, and to sentence the defendant accordingly. [61-63]

INDICTMENT found and returned in the Superior Court Department on February 27, 1996.

Questions of law were reported by *Mary-Lou Rup,* J., to the Appeals Court. The Supreme Judicial Court transferred the case on its own initiative.

*Jane E. Mulqueen,* Assistant District Attorney, for the Commonwealth.

*Jeffrey S. Brown* for the defendant.

IRELAND, J. A Superior Court judge has posed questions for our determination, asking whether the Superior Court has jurisdiction to accept a defendant's guilty pleas to two charges of the lesser included offense of rape and abuse of a minor, G. L. c. 265, § 23, and to impose sentence thereon, where the defendant's case was transferred from the Juvenile Court to the Superior Court only on the greater and more serious offense of two indictments charging forcible rape of a minor, G. L. c. 265, § 22A. We conclude that the court has jurisdiction to accept the guilty pleas on the lesser included offense and to impose sentence.

The judge's questions relate to former G. L. c. 119, § 61, in effect prior to October 1, 1996.[1] See St. 1996, c. 200, § 39. That statute provided a means of "transferring" jurisdiction from the Juvenile Court to the Superior Court to try certain violent offenses committed by juveniles over the age of fourteen as criminal matters. The precise situation faced by the defendant here will not occur under the "new" system now in place for trying serious offenses committed by such juveniles. See G. L. c. 119, § 54, as amended through St. 1996, c. 200, § 2 (Commonwealth may proceed directly to indictment and trial in the Juvenile Court of felony committed by child over age of fourteen, who has been previously committed to Department of Youth Services [department]).

At the age of sixteen, the defendant was charged with being delinquent by reason of two counts of forcibly raping a fifteen year old female in violation of G. L. c. 265, § 22A. The year before, at the age of fifteen, the defendant had been committed to the department, based on a lengthy and troubled personal history that included numerous delinquency charges. A Juvenile Court judge conducted a mandatory transfer hearing on the new delinquency charges pursuant to G. L. c. 119, § 61, as in effect at the time of the alleged rapes. Following the initial phase of that hearing, the judge found probable cause to believe that the defendant had committed the offenses charged. After conducting an additional three days of hearings and after considering comprehensive and detailed reports pertaining to the defendant, the judge concluded "by a preponderance of the evidence" that the defendant posed a danger to the public and was not amenable to rehabilitation within the juvenile detention and treatment system.

. The defendant was bound over to the Superior Court to be tried as an adult on criminal charges. The Juvenile Court dismissed the two delinquency charges, and indictments were returned. The defendant was then arraigned in the Superior Court on the two indictments charging forcible rape and was held in lieu of $10,000 cash bail (where he remains). Thereafter, the Commonwealth agreed to accept guilty pleas from the defendant to the lesser included offense of rape and abuse of a child, G. L. c. 265, § 23.

[1]General Laws c. 119, § 61, was repealed by St. 1996, c. 200, § 7. Through St. 1996, c. 200, the Legislature fundamentally altered the process by which violent offenses committed by juveniles are to be prosecuted in the Commonwealth.

In response to the Commonwealth's offer, the defendant filed a motion asking the Superior Court judge to remand the matter to the Juvenile Court. He claimed that the Superior Court lacked jurisdiction over the lesser included offense and consequently could neither accept the guilty pleas on that offense nor impose sentence on him. Pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979), and Mass. R. A. P. 5, as amended, 378 Mass. 930 (1979), the judge reported to the Appeals Court four separate but related questions for determination. We have transferred the case here on our own motion.

The four questions, and our answer to each, are as follows:

(1) Can the Superior Court accept the guilty pleas on the lesser included offense of rape and abuse of a child?: Yes.

(2) If so, does the Superior Court have jurisdiction to sentence the defendant on those offenses?: Yes.

(3) If the Superior Court may accept the defendant's guilty pleas but may not sentence him, should the Superior Court remand the case to the Juvenile Court?: No answer required.

(4) If the case proceeds to a trial in the Superior Court on the forcible rape charges, does the Superior Court also have jurisdiction to try the defendant on the lesser included offense?: Yes.

The defendant contends that the lesser included offense (which was never expressly charged) was not the subject of the transfer hearing and, therefore, is not now properly before the Superior Court. Stated another way, the defendant claims that, contrary to G. L. c. 119, § 74, as in effect at the time, the proceedings as to the lesser included offense were not "begun and dismissed [in the Juvenile Court] as required by [former G. L. c. 119, § 61]."

Inconsistently with his main point, the defendant now argues that a Superior Court judge may accept his guilty pleas to the lesser included offense but may not impose a criminal sentence on him unless the Commonwealth were first to (1) file delinquency charges in the Juvenile Court on that exact offense, (2) seek another transfer hearing under former G. L. c. 119, § 61, to dismiss the charges in the Juvenile Court, and (3) reinstate corresponding criminal charges in the Superior Court. Absent this additional transfer hearing specifically covering the lesser included offense, the defendant claims that he may only be adjudicated delinquent in the Juvenile Court on his guilty pleas, and, because he is now over the age of nineteen, he

would escape commitment to the department or punishment altogether. See G. L. c. 119, § 72 (1992 ed.) (no child may be committed to the department by Juvenile Court after his nineteenth birthday). Were the case simply to go to trial in the Superior Court on the forcible rape charges and produce guilty verdicts on the lesser included offenses, then the Superior Court judge, according to the defendant, could impose no sentence without first remanding the matter to the Juvenile Court, either for a transfer hearing on the particular offense for which he had been found guilty, or for commitment as a juvenile (resulting in no sentence at all).

It is true, as the defendant points out, that former G. L. c. 119, § 61, made no provision for the transfer of any lesser included offenses along with the offense that was specifically charged and made the subject of the transfer hearing. Nevertheless, legislative intent that such lesser included offenses are part and parcel of the transfer hearing process may fairly be presumed. For one thing, the required finding of probable cause that the defendant committed the crimes actually charged (e.g., forcible rape) necessarily would include probable cause that the defendant also committed the lesser included offenses (e.g., rape and abuse of a minor, an offense for which the defendant could also be transferred to the Superior Court, see G. L. c. 119, § 61, first par.). Beyond that, the Juvenile Court judge carefully considered all the required factors listed in G. L. c. 119, § 61, third par., in arriving at her over-all conclusions that the defendant posed a significant danger to the public and was not amenable to rehabilitation within the juvenile system. The judge would have considered the same evidence had the lesser included offense explicitly been made a part of the transfer hearing.

If the language of the statute is " 'fairly susceptible [of] a construction that would lead to a logical and sensible result' . . . we will construe [it] so 'as to make [it an] . . . effectual piece[] of legislation in harmony with common sense and sound reason.' " *Commonwealth* v. *A Juvenile*, 16 Mass. App. Ct. 251, 254 (1983), quoting *Bell* v. *Treasurer of Cambridge*, 310 Mass. 484, 489 (1941), and *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 492 (1932). We therefore hold that a transfer hearing conducted under former G. L. c. 119, § 61 (or § 72A), concerning a juvenile over the age of fourteen who had been charged with a particular offense, would necessarily include any

lesser included offense for which the juvenile could also have been transferred.

Long-standing legislative policy (at least prior to St. 1996, c. 200) dictated that criminal proceedings are not to be brought against juveniles "unless there has [first] been a determination under § 61 or § 72A . . . by the Juvenile Court that such proceedings would be appropriate." *Commonwealth* v. *A Juvenile, supra* at 255. Here, a Juvenile Court judge has made that determination on thorough consideration of the evidence.

Judicial determination that a juvenile is to be tried as an adult need only comport with the "constitutional due process requirement of essential fairness." *Commonwealth* v. *Wayne W.*, 414 Mass. 218, 223 (1993). That requirement has been met here. The defendant's due process rights have not been violated even though the judge's conclusions in support of the transfer order were based only on a "preponderance of the evidence" standard rather than the more exacting "clear and convincing evidence" standard required if the less serious offense of rape and abuse of a minor had been the exclusive subject of the transfer hearing. See *id.* at 224 (upholding the constitutionality of the lesser burden, which also placed on the juvenile the burden of producing evidence that he is *not* a danger to the public and is amenable to rehabilitation within the juvenile system).[2]

The matter is remanded to the Superior Court for further

[2]The cases relied on by the juvenile are inapposite. *Commonwealth* v. *Chase*, 348 Mass. 100 (1964), involved a defendant who was over the age of fifteen when he committed the crime and, hence, was eligible to be transferred to the Superior Court to be tried as an adult on a charge of murder in the second degree. *Id.* at 101-102. Chase had been indicted for murder in the first degree in the Superior Court, but no juvenile proceedings had been initiated against him on the lesser charge. *Id.* at 101. Chase's guilty plea in the Superior Court to murder in the second degree and his resulting criminal sentence were vacated because Chase had not been proceeded against as a juvenile who was delinquent by reason of murder in the second degree. *Id.* at 102. Here, unlike in *Chase*, delinquency proceedings were begun in the Juvenile Court pursuant to G. L. c. 119, § 74, and following the transfer hearing, were dismissed by the Juvenile Court.

*D'Urbano* v. *Commonwealth*, 345 Mass. 466 (1963), also does not apply to the facts here. Under the statutory scheme then in effect, D'Urbano could not be proceeded against as a juvenile once he reached the age of eighteen. *Id.* at 470-471. See *Commonwealth* v. *A Juvenile*, 16 Mass. App. Ct. 251, 255 (1983) (discussing *D'Urbano*). Unlike the situation in *D'Urbano*, delinquency proceedings against the defendant here were properly "begun and dismissed" as required by G. L. c. 119, §§ 74 and 61, *before* he reached the age beyond which the Juvenile Court could no longer commit him to the department. As

proceedings consistent with this opinion. Pursuant to G. L. c. 119, § 60A, the record in this case is to be unimpounded.

*So ordered.*

---

we have stated, the lesser included offense at issue here was "begun and dismissed" under former G. L. c. 119, § 61.

*Metcalf* v. *Commonwealth*, 338 Mass. 648 (1959), which involved the codefendant in *Chase*, *supra*, held that a Superior Court judge could not accept a guilty plea from a juvenile or impose a criminal sentence on a "noncapital" offense (murder in the second degree) for which the Superior Court could not possibly have obtained jurisdiction. *Id.* at 653, 655. The Superior Court's jurisdiction in *Metcalf* extended *only* to minors who committed an offense punishable by death. *Id.* at 650. Because the juvenile was only thirteen years old at the time of the crime, he was not eligible under an earlier version of G. L. c. 119, § 61, to be transferred to the Superior Court for trial or sentencing as an adult on a noncapital offense. *Id.* at 655.