NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12395

J.H.  vs.  COMMONWEALTH.


Suffolk.     December 7, 2017. - April 12, 2018.

Present:  Gants, C.J., Gaziano, Lowy, Cypher, & Kafker, JJ.


Juvenile Court, Delinquent child.  Practice, Criminal, Juvenile
     delinquency proceeding, Transfer hearing, Lesser included
     offense, Delay in commencement of prosecution.  Due Process
     of Law, Notice.  Notice.  Rape.




     Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on July 3, 2017.

     The case was reported by Lenk, J.


     Thomas A. Dougherty, III, for the juvenile.
     Stacey L. Gauthier, Assistant District Attorney, for the
Commonwealth.
     Afton M. Templin, for Youth Advocacy Division of the
Committee for Public Counsel Service, amicus curiae, submitted a
brief.


     KAFKER, J.  A single justice of the county court reserved

and reported this case involving the transfer of certain charges

from the Juvenile Court to adult court pursuant to G. L. c. 119,

§ 72A.  In September, 2014, juvenile delinquency complaints were

issued against the defendant for the crime of rape of a child with force (three counts) arising out of incidents that occurred seven years earlier when the defendant was sixteen years old and the complainant was thirteen years old. Because the defendant was not "apprehended" according to the statute until after his nineteenth birthday, he could not be tried in the Juvenile Court. The judge was faced with discharging the defendant or transferring the charges to adult court. After a hearing she dismissed the offenses charged for lack of probable cause but transferred the lesser included offenses, statutory rape. The defendant filed a petition for relief in the county court pursuant to G. L. c. 211, § 3.

In her reservation and report, the single justice posed two questions to the full court:

> "1. Whether G. L. c. 119, § 72A, permits a Juvenile Court judge, who has dismissed an offense charged for lack of probable cause, to order a defendant to be tried in an adult court for lesser included offenses, where the lesser included offenses are supported by probable cause.

> "2. Whether, if the statute so permits, its application against this defendant would be unconstitutional for failure to have provided him with proper notice of the charges pending against him or the possibility of such a transfer."

We conclude that G. L. c. 119, § 72A, permits a Juvenile Court judge to transfer lesser included offenses where supported by probable cause even where lesser included offenses are not expressly charged. In instances where a judge finds no probable

cause of the crime charged but does find probable cause of a lesser included offense, however, the judge must give a defendant a meaningful opportunity to present evidence and argument as to why discharge, rather than transfer, of the lesser included offense is consistent with protection of the public. We also emphasize that where the charged offense is rape of a child with force and the lesser included offense is statutory rape involving consensual sexual relations between teenagers, the issues presented regarding transfer or discharge and the protection of the public are quite different.

Here, where the judge did not inform the defendant of her probable cause rulings on the offenses charged or the lesser included offenses until her decision on the transfer itself, we conclude that the defendant was not given a meaningful opportunity to present evidence and argument why discharge and not transfer of the statutory rape charges was consistent with protection of the public. The defendant is therefore entitled to reopen the transfer hearing in order to present such evidence and argument. Lastly, we conclude that there is no merit to the defendant's contention in posthearing briefing that the seven-year delay in prosecution was done in bad faith.[1]

---

[1] We acknowledge the amicus brief submitted by the youth advocacy division of the Committee for Public Counsel Services.

1.  Background and prior proceedings.  In June and July of 2007, the defendant was sixteen years old and the complainant was thirteen years old.  As summarized by the Juvenile Court judge at the transfer hearing, the complainant described three incidents in detail, in which she alleged that she and the defendant engaged in sexual intercourse.

In October, 2007, the investigation was referred to the Plymouth County district attorney's office.  The complainant's mother advised the district attorney's office that the complainant did not wish to participate in a prosecution at that time.  As a result, the investigation was closed.

The investigation was reopened in April, 2009, when the complainant was fifteen years old.  At that time, the complainant agreed to participate in a sexual assault interview. The complainant again decided not to pursue the matter because she thought that the defendant "eventually wanted to be with [her], and at that time [that] is what [she] wanted" and "didn't want [the defendant] to be in any trouble."

In 2014, the investigation was reopened for the third time, when the complainant, then twenty years old, presented herself at the Middleborough police department and indicated a desire to go forward with the case.

The defendant was not apprehended, for the purposes of G. L. c. 119, § 72A, until 2014, when he was twenty-three years

old.  Complaints issued in the Plymouth County Division of the Juvenile Court Department against the defendant for three counts of rape of a child with force in violation of G. L. c. 265, § 22A.  The defendant was subsequently arraigned on the complaints in the Juvenile Court.

In 2016, pursuant to G. L. c. 119, § 72A, a judge in the Juvenile Court held a transfer hearing.  The complainant testified as described above.  After the evidence had closed, the prosecution conceded that there was insufficient evidence of force on only one of the charges and sought, for the first time, a probable cause finding and transfer of the lesser included offense of rape of a child (statutory rape).  The defendant objected.

In the defendant's argument against transfer, which was focused on disproving the element of force, defense counsel objected to the lesser included charge being considered where the Commonwealth had not charged him with statutory rape.  He argued:

> "I don't have a lesser included offense in front of me of the statutory rape, and this is a probable cause hearing. And I'm not sure that the [c]ourt can modify the complaints at this time to include a lesser included offense of statutory rape.  The Commonwealth could have [pleaded] that but didn't.  They could have amended over the last two years or actually since 2007 but didn't.  They elected to proceed, your Honor, with these particular charges, and I would argue I think the [c]ourt may be bound by what it has on the four corners before it."

At the conclusion of his argument, defense counsel returned briefly to the issue of statutory rape as a lesser included offense.  He argued that there was no probable cause to support a finding of statutory rape, and if the judge found that there was, the judge should nevertheless discharge the defendant and not cause a criminal complaint to issue, as the defendant and the complainant were both just teenagers "experimenting with their sexuality."

Without addressing the objection or otherwise alerting the defendant that she intended to consider the lesser included offenses, the judge thereafter issued a decision in which she found insufficient evidence to establish probable cause for rape of a child with force on any of the charges but found sufficient evidence to establish probable cause for statutory rape on all three charges.  She also found that it was in the public interest that the defendant be tried for such offenses, concluding that "[t]he nature of a complaint for rape and abuse of a minor militates in favor of binding the [d]efendant over for trial as an adult".  She then dismissed the juvenile complaints and bound the defendant over for trial in adult court for the lesser included offenses of statutory rape.

2.  <u>Discussion</u>.  a.  <u>Transfer of a lesser included offense not expressly charged</u>.  General Laws c. 119, § 72A, provides:

"If a person commits an offense or violation prior to his eighteenth birthday, and is not apprehended until after his nineteenth birthday, the court, after a hearing, shall determine whether there is probable cause to believe that said person committed the offense charged, and shall, in its discretion, either order that the person be discharged, if satisfied that such discharge is consistent with the protection of the public; or, if the court is of the opinion that the interests of the public require that such person be tried for such offense or violation instead of being discharged, the court shall dismiss the delinquency complaint and cause a criminal complaint to be issued. The case shall thereafter proceed according to the usual course of criminal proceedings and in accordance with the provisions of [G. L. c. 218, § 30,] and [G. L. c. 278, § 18]. Said hearing shall be held prior to, and separate from, any trial on the merits of the charges alleged."

The defendant argues that G. L. c. 119, § 72A, does not allow the transfer of a lesser included offense that was not charged in the complaint. We disagree.

It is well established that statutory rape is a lesser included offense of rape of a child with force. See Commonwealth v. Thayer, 418 Mass. 130, 132 (1994) ("statutory rape in G. L. c. 265, § 23, is a lesser included offense within the forcible rape of a child under sixteen years of age within G. L. c. 265, § 22A" [footnote omitted]); Commonwealth v. Licciardi, 387 Mass. 670, 673 (1982) (jury "could return a verdict of guilty of statutory rape, a lesser included offense within the rape indictments"); Commonwealth v. Franks, 365 Mass. 74, 78 (1974) ("crime of statutory rape . . . is a crime included within the crime of forcible rape . . . which was charged in the indictment"); Commonwealth v. Harris, 74 Mass.

App. Ct. 105, 110 (2009) ("the crime with which the defendant was charged was rape of a child by force, as to which rape of a child is a lesser included offense"). It is also well established that a defendant may be convicted of a lesser included offense even if the lesser included offense is not expressly charged. See, e.g., Commonwealth v. Walker, 426 Mass. 301, 303 (1997); Commonwealth v. Keane, 41 Mass App Ct. 656, 661 (1996).

We have specifically applied these principles in the transfer hearing and statutory rape context as well. In Commonwealth v. Williams, 427 Mass. 59, 59 (1998), we held that a Superior Court judge could accept a guilty plea and impose a sentence on a lesser included offense of statutory rape where the defendant's case was transferred from the Juvenile Court only on the greater and more serious offense of forcible rape. We reasoned that even though the lesser included offense was not specifically charged, the "legislative intent that such lesser included offenses are part and parcel of the transfer hearing process may fairly be presumed." Id. at 62. We therefore conclude in answer to the first reported question that G. L. c. 119, § 72A, permits a Juvenile Court judge, who has dismissed offenses charged for lack of probable cause, to cause a criminal complaint to be issued for lesser included offenses, where the lesser included offenses are supported by probable cause and the

interests of the public require that the defendant be tried for the lesser included offenses.

b. Notice. The second reported question asks us to address whether the transfer of lesser included offenses in this case was unconstitutional because this defendant was not provided with "proper notice." As explained infra, we conclude that although the defendant had notice of the lesser included offenses, he did not have a meaningful opportunity to be heard before the transfer occurred.

Individuals in the Juvenile Court have a constitutional due process right to "essential fairness." Commonwealth v. Wayne W., 414 Mass. 218, 223 (1993). Included in that right is adequate notice. In re Gault, 387 U.S. 1, 33 (1967); Commonwealth v. Olivo, 369 Mass. 62, 68 (1975) (form of notice provided must be reasonably calculated to give actual notice of proceedings and opportunity to be heard). Here, the defendant was on notice, as a matter of law, that statutory rape was a lesser included offense of rape of a child with force, and that lesser included offenses are "part and parcel" of the transfer process, and thus there was a possibility of transfer of the statutory rape charges. Williams, 427 Mass. at 62. See Franks, 365 Mass. at 78. This, however, is not the end of the inquiry.

As evidenced by this case, Juvenile Court judges must make difficult, discretionary decisions regarding whether to transfer

an offense or discharge a defendant.  These decisions require

consideration of the specific crime and the particular

defendant.  A thoughtful presentation by defense counsel

directed at both issues is thus critical.  See J.D. Blitzman &

K.J. King, Hearings Pursuant to G. L. c. 119, § 72A:  "Aging

Out" of the System, in 1 Massachusetts Juvenile Court Bench Book

§ 12, at 12-11 (Mass. Cont. Legal Educ. 3d ed. 2011 & Supp.

2014) ("[Advocates] must provide the court with adequate

information to place the alleged offending behavior into a

developmental context and to allow the court to understand how,

if at all, the defendant's more mature development reduces the

risk of reoffense.  A reliable determination of the significant

issues that confront a judge in proceedings under this statute

can be made only if all relevant developmental and contextual

evidence is before the court").  Proper notice is essential to

such a presentation.  See Commonwealth v. Bousquet, 407 Mass.

854, 860 & n.3 (1990) (transfer proper where counsel on notice

of nature of hearing and "had a sufficient basis to conclude

that the interests of the public required transfer").  We

therefore conclude that where a judge finds no probable cause to

believe the defendant committed the crime charged, but does find

probable cause to believe the defendant committed a lesser

included offense, the judge must provide the defendant notice of

that decision and give the defendant a meaningful opportunity to

present evidence and argument as to why discharge of the defendant is consistent with the protection of the public and thus transfer of the lesser included offenses is not required.

In the instant case, the issue of lesser included offenses was not raised by the prosecutor until after the close of evidence and only after conceding that there was insufficient evidence of force on one of the charges. The defendant objected to this development, and the judge did not address the objection or state her view regarding whether she would consider transferring only the lesser included offenses until she issued her decision. Consequently, when defense counsel made his argument regarding transfer, he was not informed that the judge had decided that there was not probable cause to support the rape of a child with force charges but that there was probable cause to support the lesser included offenses of statutory rape. As we conclude that the defendant is entitled to be so notified in order to be given a meaningful opportunity to present evidence and argument directed at why transfer of the lesser included offenses of statutory rape was not required, we reverse and remand.

The specific facts and crimes at issue reveal the importance of such notice and opportunity to be heard. The protection of the public "interests" analysis differs significantly for rape of a child with force and statutory rape

when considering teenage sexual activity.  A teenager who forcibly rapes another presents a greater public safety risk than a teenager engaged in consensual sexual activity with a peer.[2]  As sexual activity among teenagers is common, even the original decision to prosecute often depends on whether the sexual activity is consensual or coerced.[3]

---

[2] Compare Commonwealth v. Sullivan, 78 Mass. App. Ct. 631, 631-632 (2011) (teenage victim forcibly raped by teenage codefendant while teenage defendant held victim down by her shoulders), with Doe v. Attorney General, 430 Mass. 155, 164 (1999) (in cases involving consensual sexual activity between teenagers and requirement of sex offender registration, State's interest in protecting children not as great because risk of reoffense may be minimal and present danger not significant).

[3] See generally Commonwealth v. Bernardo B., 453 Mass. 158, 161 (2009) (emphasizing in statutory rape case that "Commonwealth has broad discretion in deciding whether to prosecute a case").  See Centers for Disease Control and Prevention, Substance Use and Sexual Risk Behaviors Among Teens (2017), https://www.cdc.gov/healthyyouth/substance-use/pdf/dash-substance-use-fact-sheet.pdf [https://perma.cc/Z4H6-TL9P] ("According to the 2015 National Youth Risk Behavior Survey . . . [forty-one per cent] of high school students have . . . had intercourse and [thirty per cent] of high school students are currently sexually active").  See also High, Good, Bad and Wrongful Juvenile Sex:  Rethinking the Use of Statutory Rape Laws Against the Protected Class, 69 Ark. L. Rev. 787, 808 (2016) (describing common practice of "prosecutorial discretion . . . exercised to exclude sexual activity among adolescents from the reach of legal regulation unless it appears to be exploitative"); Oberman, Regulating Consensual Sex with Minors: Defining a Role for Statutory Rape, 48 Buff. L. Rev. 703, 750 (2000) (describing "an apparent consensus among prosecutors against enforcement of statutory rape laws in cases of 'consensual sexual relationships' among peers").

The judge's decision finding no probable cause of rape of a child with force, but probable cause of statutory rape, therefore fundamentally changed the protection of the public "interests" calculus. Further complicating the public interest analysis in the context of consensual teenage sexual relations, the complainant's own decision to proceed expressly depended at least at one point on whether the defendant "eventually wanted to be with [her]." Finally, if the defendant were tried as an adult seven years after the offense, the consequences of a statutory rape conviction would not be a finding of delinquency but the possibility of a life felony. Both the defense counsel and the judge should have been carefully focused on all of these issues.

Without having the benefit of the judge's decision on probable cause, however, defense counsel chose to focus his argument on the more serious charges of rape, for which he had a strong defense.[4] Indeed, defense counsel addressed the lesser

_____

[4] For the defendant, the case also changed dramatically once the prosecutor sought to transfer statutory rape as well as rape of a child with force charges. The defendant had not testified at the hearing. On the issue of force, the defendant could rely on the complainant's testimony alone, which described none. But once the prosecution expressed its intentions to proceed on statutory rape charges, the defendant was in an evidentiary bind. With statutory rape charges being sought, the complainant's testimony was now sufficient and unrebutted. That being said, the complainant's testimony alone provided probable cause to proceed on the statutory rape charges. The difficult

included offenses of statutory rape only in passing, including the critical and complicated discretionary issue whether the court should discharge the defendant, even if there was probable cause to support the lesser included offenses.

In sum, the defendant is entitled to reopen the transfer proceedings to present evidence and argument on whether discharge is consistent with the protection of the public.

c. _Delay in apprehension_. In posthearing briefing requested by the parties and allowed by the judge, the defendant argued that the delay in prosecuting the case was "done in bad faith." As we discern no indicia of bad faith from this record, and the timing of the prosecution appears directly connected to the complainant's willingness to proceed, we conclude that this argument has no merit. See _Commonwealth_ v. _Mogelinski_, 473 Mass. 164, 171-172 (2015).

3. _Conclusion_. For the reasons set forth above, we conclude that the judge did not err in determining that, lesser included offenses could be transferred under G. L. c. 119, § 72A, and that the defendant was on notice as a matter of law that such a transfer was a possibility. We conclude, however, that where a judge finds no probable cause of the crime charged, but does find probable cause of a lesser included offense, the

---

issue, requiring further proceedings, is not probable cause but the discretionary decision to transfer or discharge.

judge must give the defendant a meaningful opportunity to address why discharge rather than transfer of the lesser included offense is consistent with the protection of the public, and that such opportunity was not provided here.

We remand the matter to the single justice of the county court where an order of remand to the Juvenile Court shall issue for further proceedings consistent with this opinion.

<u>So ordered</u>.